**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID C. KING, | ) | CASE NO. 1: 09 CV 924 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| WADSWORTH CITY SCHOOLS, et al., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli.  (ECF # 14.)  The Report and Recommendation, filed on October 15, 2009, is ADOPTED IN PART by this Court.

**I.**

On March 23, 2009, Plaintiff David King filed an eight-Count Complaint against Defendants Wadsworth City Schools, Medina County Ohio Court of Common Pleas, Domestic Relations Division ("Medina Domestic Court"), Tim Anderson, an employee of the Medina Domestic Court, and the County of Medina, Ohio in the Court of Common Pleas for Medina County, Ohio.  (ECF # 1, Ex. 1.)  In the Complaint, Plaintiff attempts to bring a cause of action for declaratory judgment regarding his parental rights (Count I), interference with his parental rights under the United States and Ohio Constitutions (Count II), a violation of his parental rights under Ohio Revised Code §§ 2111.08 and 3109.03 (Count III), contempt based upon the alleged violations of his parental rights under Ohio Revised Code § 3109.051(H), (J) (Count IV), violations of Ohio Revised Code § 2307.50 (Count V), defamation against Defendants Wadsworth City Schools and Tim Anderson (Count VI), negligent and/or intentional infliction of emotional distress (Count VII), and a violation of his parental rights under the United States Constitution

pursuant to 42 U.S.C. § 1983 (Count VIII).  On April 22, 2009, Defendants removed the case to this Court, pursuant to its federal question jurisdiction.  (ECF # 1.)

On October 15, 2009, pursuant to this Court's referral, Magistrate Judge Vecchiarelli prepared a Report and Recommendation addressing two separate pending Motions.  (ECF # 14.) The first is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendants Medina County, Medina Domestic Court, and Tim Anderson.  (ECF # 4.)  The second is a Motion for Judgment on the Pleadings pursuant to Rule 12(c) filed by Defendant Wadsworth City Schools.  (ECF # 10.)

In the Report and Recommendation, Magistrate Judge Vecchiarelli recommended that (1) Counts I through VIII against the Medina Domestic Court and Tim Anderson in his official capacity should be dismissed without prejudice because this Court is without jurisdiction to hear those claims; (2) Count I, for declaratory judgment, should be dismissed without prejudice as to all Defendants, either because this Court lacks jurisdiction to hear that claim, or because this Court should refuse to exercise its jurisdiction to hear the claim; (3) Counts II through VIII against Medina County should be dismissed with prejudice pursuant to Rule 12(b)(6); (4) judgment should be entered pursuant to Rule 12(c) in favor of Wadsworth City Schools as to Counts II through VIII, with the exception of that portion of Count II alleging interference with Plaintiff's parental rights as protected by the Ohio Constitution; and (5) Counts II through VIII against Tim Anderson in his individual capacity should be dismissed with prejudice pursuant to Rule 12(b)(6).  (ECF # 14 at 22-23.)  Accordingly, the Magistrate Judge recommended that the Motion to Dismiss be granted in full, and the Motion for Judgment on the Pleadings be granted in part and denied in part.  (*Id.* at 23.)  If this Court were to adopt the Report and Recommendation in its entirety, the sole remaining

2

claim in this case would be Count II against Wadsworth City Schools insofar as it alleges interference with Plaintiff's parental rights protected by the Ohio Constitution, which the Magistrate Judge recommended remanding to the Medina County Court of Common Pleas for further proceedings.  (*Id.*)

On October 29, 2009, Wadsworth City Schools filed a Partial Objection to the Report and Recommendation.  (ECF # 15.)  On the same day, Plaintiff filed Objections to the Report and Recommendation.  (ECF # 16.)  On November 12, 2009, Defendants Medina Domestic Court, Tim Anderson and Medina County filed a Response to Plaintiff's Objections.  (ECF # 17.)  The following day, on November 13, 2009, Wadsworth City Schools likewise filed a Response to Plaintiff's Objections.  (ECF # 18.)  Plaintiff did not file a response to the Partial Objection filed by the Wadsworth City Schools.  The Report and Recommendation and the Objections thereto are now ripe for consideration.

## II.

The Court has reviewed Magistrate Judge Vecchiarelli's Report and Recommendation *de novo* and has carefully examined the objections of the parties to the same.  Based upon this review, the Report and Recommendation is hereby ADOPTED in part and REJECTED in part.  (ECF # 14.)

The sole basis upon which this Court declines to adopt the Report and Recommendation relates to Count II against Wadsworth City Schools insofar as it alleges interference with Plaintiff's parental rights protected by the Ohio Constitution.  As set forth above, the Magistrate Judge recommended that the Motion for Judgment on the Pleadings be denied with respect to this portion of Count II.  (*Id.*)  The Magistrate Judge reached this determination by finding that Wadsworth

3

City Schools sought judgment solely as to the federal-based portion of the claim, but not the state-based portion of the claim in Count II.  (*Id.* at 10.)

Wadsworth City Schools filed a Partial Objection to the Report and Recommendation that provides, *inter alia*:

> Wadsworth objects to the Magistrate's recommendation that its Motion for Judgment on the Pleadings ("Motion") be denied in part, allowing Plaintiff's state constitution claim to survive.  The Magistrate held that the state claim survives because Wadsworth did not seek judgment as to that allegation.  Wadsworth, however, did seek judgment in its favor for Plaintiff's state law parental rights claim, as alleged in Count 2.

(ECF # 15 at 1-2 (internal citations omitted).)  On this basis, Wadsworth City Schools requests that this Court examine Plaintiff's state constitutional claim and grant it judgment as a matter of law on that claim.  (*Id.* at 2.)

In Count II, Plaintiff claims that Wadsworth City Schools violated his rights as a parent under the Ohio Constitution.  A parent's right to raise his or her children is among those inalienable rights secured by natural law.  *See State v. Thompson*, No. 04CA30, 2006 WL 307715, *4 (Ohio App. 2 Dist. Feb. 10, 2006).  As such, Article I, Section 1 of the Ohio Constitution protects such rights from infringement by the police power of the state.  *See id.*  Wadsworth City Schools correctly explains that:

> Parents rights under Section 1 are safeguarded by Article 1, Section 16 of the Ohio Constitution, which prevents this and other inalienable rights from being infringed by the state without " due course of law."
>
> It is well settled that Ohio's "due course" provision and the 14th Amendment to the United States Constitution's due process provision are coextensive.  In fact, the Ohio Supreme Court has held that federal Supreme Court decisions may be utilized to interpret the Ohio due process guarantees.

(ECF # 15 at 4 (citations and quotations omitted).)  Accordingly, the Magistrate Judge's examination of Plaintiff's due process claim is instructive in examining Plaintiff's claim arising

4

under the due course of law provision.  *See Peebles v. Clement*, 63 Ohio St.2d 314, 317 (1980).

Upon review of the record in this case, the Court finds that Wadsworth City Schools indeed sought judgment in its favor on Plaintiff's state law parental rights claim as alleged in Count II.  In reviewing Plaintiff's due process claim, the Magistrate Judge found that, even if the Complaint were liberally construed so as to state a claimed violation of Fourteenth Amendment rights, Plaintiff alleged no facts that would support such a claimed violation.  (ECF # 14 at n1.)  Having reviewed the record *de novo*, the Court finds the same to be true with respect to any due course of law claim.  That is, because Plaintiff fails to set forth any facts in support of a plausible claim arising under the Ohio Constitution, Plaintiff's claim for a violation of his parental rights under the Ohio Constitution is DISMISSED.

## III.

Based upon the foregoing, the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli, filed on October 15, 2009, is ADOPTED IN PART by this Court.  (ECF # 14.)  The sole basis upon which this Court declines to adopt the Report and Recommendation relates to Count II against Wadsworth City Schools insofar as it alleges interference with Plaintiff's parental rights protected by the Ohio Constitution.  The Court finds that Wadsworth City Schools indeed sought judgment in its favor on Plaintiff's state law parental rights claim, and that such claim should be DISMISSED.  Both the Motion to Dismiss (ECF # 4) and the Motion for Judgment on the Pleadings (ECF # 10) are GRANTED in their entirety.  Accordingly, the Partial Objection to the Report and Recommendation filed by Wadsworth City Schools is SUSTAINED (ECF # 15) and Plaintiff's Objections to the Report and Recommendation are OVERRULED (ECF # 16).  This case is TERMINATED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: January 15, 2010